IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| THE PROTECT DEMOCRACY PROJECT, INC.<br>2020 Pennsylvania Avenue, NW, #163<br>Washington, DC 20006,<br><br>      Plaintiff,<br><br>      v.<br><br>U.S. DEPARTMENT OF JUSTICE<br>950 Pennsylvania Avenue, NW<br>Washington, DC 20530<br><br>      Defendant. | Civil Action No. 1:18-cv-00506 |

## **COMPLAINT**

1. Plaintiff, The Protect Democracy Project, Inc. ("Protect Democracy"), brings this action against Defendant, U.S. Department of Justice ("DOJ" or "Justice Department"), to compel compliance with the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552. Plaintiff alleges as follows:

2. As set forth below, on December 14, 2017, the White House Press Secretary shared the President's positive views about a merger between 21st Century Fox, Inc. ("Fox"), the parent company of Fox News, and the Walt Disney Company ("Disney"), prior to any review of the deal by the DOJ's Antitrust Division. Fox News is the president's self-described favorite media outlet, which he routinely praises for giving him favorable coverage and which is owned by the president's "good friend," Rupert Murdoch.

3. The president's favorable reaction to the Fox-Disney merger was in sharp contrast to his reaction to a merger between AT&T and Time Warner, Inc., the parent company of cable network CNN. On November 20, 2017, the DOJ filed a lawsuit to block that merger, following months of threats by President Trump to do so. The president has a very different relationship with CNN from the one he has with Fox News. The president has repeatedly singled out and attacked CNN, calling it "fake news" and "garbage." He has even gone as far as to tweet a video showing him physically attacking the network's logo, concluding the tweet with a refashioning of the logo as "FNN: Fraud News Network."

4. President Trump has repeatedly flouted important laws and norms that guarantee the independence of the DOJ. He has said that he has "the absolute right to do what I want with the Department of Justice," called on the Attorney General to prosecute his political opponents, and repeatedly threatened to use the machinery of government he controls to punish his critics and reward his friends. And now, he may have injected his own views into another matter involving specific parties that is properly the province of an independent Justice Department.

5. Plaintiff Protect Democracy seeks to compel the release of documents detailing any communications between the White House and DOJ concerning the Fox-Disney deal, Rupert Murdoch, or any related antitrust enforcement efforts by the DOJ, to find out whether the president or his administration is improperly interfering with the independence of the DOJ out of favoritism for a political ally.

**JURISDICTION AND VENUE**

6. The Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

7. Venue is proper in this district pursuant to 5 U.S.C. § 552(a)(4)(B).

## **PARTIES**

8. Plaintiff Protect Democracy is an organization with 501(c)(3) status, incorporated under the laws of the District of Columbia, and headquartered at 2020 Pennsylvania Avenue, NW, #163, Washington, DC 20006. Plaintiff's mission is to protect American society from descending into a more autocratic form of government by preventing those in power from depriving Americans of a free, fair, and fully-informed opportunity to exercise their ultimate sovereignty.

9. As part of this mission, Plaintiff seeks to inform public understanding of operations and activities of the government by gathering and disseminating information that is likely to contribute significantly to the public understanding of executive branch operations and activities. Plaintiff regularly requests such information pursuant to FOIA. Plaintiff intends to give the public access to documents obtained via FOIA on its website, www.protectdemocracy.org, and to provide information about and analysis of those documents as appropriate.

10. Defendant DOJ is an agency of the executive branch of the federal government of the United States. Defendant is headquartered at 950 Pennsylvania Avenue, NW, Washington, DC 20530. Defendant has possession, custody, and control of the documents that Plaintiff seeks in response to its FOIA request.

## **STATEMENT OF FACTS**

*Independence of Law Enforcement and Free Speech Are Critical Components of a Democracy*

11. In authoritarian systems, those in power wield the machinery of government to silence or punish their critics and reward their allies. In the United States, the law applies to all in an even-handed manner, no matter how they are viewed by those in power. The DOJ in particular has an obligation to ensure "equal justice under law."

12. In furtherance of that principle, administrations of both parties have long had policies in place that prohibit the White House from interfering with DOJ's consideration of specific cases. These policies are grounded in constitutional provisions that guarantee due process and equal protection and that command the president to "take care" that the laws are faithfully executed.

13. While any improper use of government authority to punish critics or reward supporters would pose a grave threat to our constitutional system, such a threat is particularly acute when the government uses or appears to use its regulatory authority to reward private entities — and especially private *media* entities — because of their open support of the government. Such behavior could encourage sycophancy in the press and chill criticism from those who fear retributive regulation. This, in turn, would endanger the kind of free and open speech and debate that the First Amendment was designed to protect.

14. It is critical to the effectiveness of DOJ's enforcement of the antitrust laws, and the American people's confidence in an independent DOJ, that it consider each matter before it strictly based on the law and facts at issue, without regard to any political considerations. It would be particularly dangerous if the White House interfered in a specific antitrust matter in a politically charged fashion in such a way that would chill the ability of the parties to speak freely—especially when the parties involved are media entities.

*Disparate Treatment of the Mergers Involving Fox and CNN Raises Questions About Whether President Trump Has Improperly Interfered with DOJ in Specific Enforcement Matters*

15. The Fox-Disney deal is of a type that typically draws close scrutiny by antitrust regulators. Fox and Disney are direct competitors in the content and entertainment industries. Accordingly, this merger would be a "horizontal merger" and would normally raise significant concerns over its impact on consumers. Nonetheless, Trump has praised the deal. His Press Secretary, Sarah Huckabee Sanders, told reporters soon after the deal was announced that "the president spoke with Rupert Murdoch earlier [that day], congratulated him on the deal and thinks that…this could be a great thing for jobs."

16. AT&T and Time Warner, on the other hand, are not direct competitors; AT&T often purchases Time Warner content for use on its networks, but it does not develop its own content. This merger has been described as a "vertical merger," of the type that has been routinely approved by DOJ over the past forty years. Yet the Administration has sought to require a sale of CNN before approving the transaction.

17. Following the filing of the lawsuit involving CNN on November 20, 2017, industry experts and media commentators expressed suspicion about the government's motives for blocking the vertical merger between Time Warner and AT&T. Commentators have variously described the lawsuit as a "political vendetta," and as "rais[ing] the specter of political retaliation" against CNN. The media quoted one employee of CNN as saying, "This is political, this is unprecedented, and the only explanation is political pressure from the White House."

18. These troubling appearances were not improved by the president's comments about the Fox-Disney deal. According to an antitrust expert quoted in the *New York Times,* "The government's theory in Time Warner very much applies to Fox and Disney." He continued by saying, "[if the government] doesn't challenge this, it will look very weird."

19.     Yet the DOJ Antitrust Division has expressed no indication that it plans to file suit to block the Fox-Disney merger. As one commentator put it, "Two reasons might help account for a contrast that is otherwise hard to explain: 21st Century Fox owns Fox News, which Trump loves; Time Warner owns CNN, which Trump hates." One journalist reported that President Trump called Murdoch ahead of the announcement of the Disney deal to make sure that Fox News would not be sold as part of the deal.

20.     At a minimum, the American people deserve to know whether the DOJ's oversight of these mergers has been infected by improper political considerations and White House involvement. The American people must have confidence that all decisions by the DOJ are based on the law and the facts, and not whether particular parties speak favorably of President Trump.

21.     Protect Democracy submitted FOIA requests in December 2017 to investigate whether and to what extent the White House has influenced DOJ's approach to enforcing—or declining to enforce—the nation's antitrust laws relating to the Fox-Disney merger. Protect Democracy seeks to compel production of these records because the Department has not responded adequately to these requests in the time required by law. Protect Democracy also filed a lawsuit on November 9, 2017 (and amended it on February 9, 2018) based on FOIA requests for records regarding White House involvement in the Time Warner-AT&T merger as it relates to CNN.

*The FOIA Request*

22.     On December 18, 2017, Plaintiff sent to Defendant a FOIA request (dated December 15, 2017) seeking the following records:

1. All documents, including but not limited to emails, calendar entries, or memoranda, reflecting or relating to communications between President Trump or any White House employee and any Department of Justice personnel (including but not limited to the Antitrust Division) concerning the proposed merger between the Walt Disney Company and 21st Century Fox, including but not limited to any communications that refer or relate to Fox News, Rupert Murdoch, or any other Fox News employee.

2. All documents, including but not limited to emails, calendar entries, or memoranda, relating to or referencing the proposed merger between the Walt Disney Company and 21st Century Fox that discuss or in any way refer to the following individuals or entities: President Trump or any White House employee; Fox News, Rupert Murdoch, or any other Fox News employee.

3. In addition to the records requested above, we also request records describing the processing of this request, including records sufficient to identify search terms used and locations and custodians searched, and any tracking sheets used to track the processing of this request. If your agency uses FOIA questionnaires or certifications completed by individual custodians or components to determine whether they possess responsive materials or to describe how they conducted searches, we also request any such records prepared in connection with the processing of this request.

The timeframe for this request is January 20, 2017 through the date that searches are conducted for records responsive to this FOIA request.

*See* Exhibit A (FOIA Request).

23. The letter set the timeframe for this request as "January 20, 2017 through the date that searches are conducted for records responsive to [the] FOIA request." *Id.*

24. Plaintiff also requested a fee waiver pursuant to 5 U.S.C. § 552(a)(4)(A)(iii) or 5 U.S.C. § 552(a)(4)(A)(ii)(II). *Id.*

25. Plaintiff submitted the request via the online portal, *FOIAonline*, to the Offices of the Attorney General and the Deputy Attorney General. The Plaintiff also submitted the request via email to the DOJ Antitrust Division using the email address listed on the Division's website (https://www.justice.gov/atr/antitrust-foia).

*The Response from the DOJ's Office of Information Policy*

26.  On January 17, 2018, Plaintiff received a letter from the DOJ's Office of Information Policy ("OIP") acknowledging receipt of Plaintiff's FOIA request. The letter also acknowledged the case reference numbers that the request had been assigned by various DOJ departments, including the Office of the Attorney General, the Office of the Deputy Attorney General, the Office of Legal Policy, and others. *See* Exhibit B (DOJ OIP Acknowledgment Letter).

27.  OIP's letter stated that the records sought by Plaintiff's request would "require a search in and/or consultation with another Office," which meant that the request fell within "unusual circumstances." *Id.* (citing 5 U.S.C. 552 § (a)(6)(B)(i)–(iii)). The letter also identified the request as having been assigned to the "complex track." *Id.*

28.  Based on the "unusual circumstances" of the records, and complexity of the required searches, OIP also indicated that it would require additional time "beyond the ten additional days provided by the [FOIA] statute" to respond to the request. OIP did not indicate how much more time it would need. *Id.*

29.  The OIP letter advised Plaintiff that "in an effort to speed up our process, you may wish to narrow the scope of your request to limit the number of potentially responsive records," and offered that Plaintiff "can also agree to an alternative time frame for processing, should records be located," while noting that Plaintiff "may wish to await the completion of our records search to discuss either of these options." *Id.*

30.  The letter also suggested that the Plaintiff "may contact the Office of Government Information Services (OGIS) at the National Archives and Records Administration to inquire about the FOIA mediation services they offer." *Id.*

31.     Furthermore, as to Plaintiff's request for a fee waiver, OIP stated that it had not yet made a decision, but "will do so after we determine whether fees will be assessed for this request." *Id.*

32.     Finally, OIP expressed "regret" for "the necessity of the delay," but "assure[d]" Plaintiff that its "request will be processed as soon as possible." *Id*.

33.     To date, OIP has not responded to Plaintiff's request or offered any further communication.

*The Lack of Response from the DOJ's Antitrust Division*

34.     On January 25, 2018, Plaintiff emailed the DOJ's Antitrust Division, asking for an update on the FOIA request. *See* Exhibit C (Plaintiff Email to Antitrust Division).

35.     On February 16, 2018, Plaintiff called the Antitrust Division to inquire again as to the status of the request, and left a voicemail.

36.     Plaintiff has not received any communication from the DOJ Antitrust Division acknowledging receipt of Plaintiff's request.

37.     To date, the Defendant's Office of Information Policy and its Antitrust Division have not made the required determinations and notifications, or otherwise responded to Plaintiff's requests for records.  In addition, Defendant has not made any determination regarding Plaintiff's request for fee waiver.

## COUNT I
### (Violation of FOIA, 5 U.S.C. § 552)

38.     Plaintiff re-alleges and incorporates by reference all preceding paragraphs.

39.     Defendant is in violation of FOIA by failing to respond to Plaintiff's requests within the statutorily prescribed time limit and by unlawfully withholding records responsive to Plaintiff's request.

9

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that the Court:

(1)     Order Defendant, by a date certain, to conduct searches that are reasonably likely to lead to the discovery of any and all records responsive to Plaintiff's requests;

(2)     Order Defendant, by a date certain, to demonstrate that it has conducted adequate searches;

(3)     Order Defendant, by a date certain, to produce to Plaintiff any and all non-exempt records or portions of records responsive to Plaintiff's requests, as well as a *Vaughn* index of any records or portions of records withheld due to a claim of exemption;

(4)     Enjoin Defendant from improperly withholding records responsive to Plaintiff's requests;

(5)     Order Defendant to grant Plaintiff's requests for fee waivers;

(6)     Grant Plaintiff an award of attorney fees and other reasonable litigation costs pursuant to 5 U.S.C. § 552(a)(4)(E);

(7)     Grant Plaintiff such other relief as the Court deems appropriate.

Date: March 5, 2018

Respectfully submitted,
/s/ Justin Florence
Justin Florence (D.C. Bar No. 988953)
Kristy Parker (*application pending*) *
The Protect Democracy Project, Inc.
2020 Pennsylvania Avenue, NW, #163
Washington, DC 20006
Phone: 202-599-0466
Fax: 929-777-8428
Email: Justin.Florence@protectdemocracy.org
Email: Kristy.Parker@protectdemocracy.org

*supervised by member of the D.C. bar

*Counsel for Plaintiff*